09-4014-ag
Xhafer-Mulaj v. Holder

BIA
Schoppert, IJ
A094 896 345

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of July, two thousand ten.

PRESENT:
>        JOSÉ A. CABRANES,
>        ROBERT A. KATZMANN,
>        REENA RAGGI,
>            *Circuit Judges.*

---------------------------------------

QENDRIM XHAFER-MULAJ,
>        *Petitioner*,

>        v.                                09-4014-ag
                                          NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
>        *Respondent*.

---------------------------------------

FOR PETITIONER:          Sam Gjoni, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Michael P. Lindemann, Assistant Director; Christopher C. Fuller, Senior Litigation Counsel, Civil Division; Caitlyn Walters, Law Student Clerk; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qendrim Xhafer-Mulaj, a native of Yugoslavia and citizen of Serbia, seeks review of an August 28, 2009, order of the BIA affirming the December 18, 2007, decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qendrim Xhafer-Mulaj,* No. A094 896 345 (BIA Aug. 28, 2009), *aff'g* No. A094 896 345 (Immig. Ct. N.Y. City Dec. 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review an IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *Id.; see* 8 U.S.C. § 1252(b)(4)(B). Under the REAL ID Act, which applies in this case, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an

2

asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. *See id.*; *Yun-Zui Guan*, 432 F.3d at 394. In support of that determination, the IJ found that: (1) although Xhafer-Mulaj stated in his asylum application that only one man approached him on the street and threatened him, he testified that two men approached him; (2) although Xhafer-Mulaj stated in his asylum application that he received threatening letters and phone calls, he testified that he had not and denied including that information in his application; and (3) Xhafer-Mulaj's testimony that Besnik Kastrati was killed by the police for political reasons was contradicted by the U.S. State Department Country Report for Serbia, which indicated that he was killed because of a blood feud, and that the police officer who killed him was convicted and sentenced to ten years' imprisonment.

Rather than challenge the IJ's findings, Xhafer-Mulaj argues before this Court that "he did not w[ai]ver during his oral testimony regarding the one incident that presented an inconsistency with the written affidavit he had submitted to the court" and that he "was not aware of what was

3

submitted in writing to the court."  As discussed above, however, the IJ identified several inconsistencies in Xhafer-Mulaj's testimony.  Moreover, at a hearing before the IJ, Xhafer-Mulaj acknowledged his familiarity with the contents of his asylum application and testified that his statement was true and correct.  Accordingly, the IJ's adverse credibility determination was supported by substantial evidence.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B); *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony.")(internal quotations marks omitted).  Because Xhafer-Mulaj's claims were all based on the same factual predicate, the agency's denial of his application for asylum, withholding of removal, and CAT relief was proper.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4